## In re VALENTINE.

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

1. WILLS—CONSTRUCTION.

Testator devised real estate to his executors, with a direction that one J. should have the use of one of the parcels devised as long as she should live and remain the widow of testator's son A., and provided that the executors should receive the rents and profits of the property so devised, "subject to the right of said J.," during the lives of testator's two grandsons, but not to exceed 16 years, and, at the end of the 16 years, sell the property devised, and divide the proceeds between said two grandsons    *Held*, that the parcel of which J. was given the use was not excepted from the direction to sell at the end of the 16 years.

2. SAME.

Testator devised land to his executors to hold the same in trust for the lives of testator's two grandsons, but not to exceed 16 years, and at the end of the 16 years to sell the land and divide it between said grandsons, "and the issue of such of them as may then be dead, leaving such issue or descendants then surviving." *Held*, that the words "then dead" and "then surviving" referred to the end of the 16-years period, unless shortened by the death of both grandsons before that time.

3. ASSIGNMENT—WHAT MAY BE ASSIGNED.

The grandsons of testator had an assignable interest before the end of the 16 years in the property so devised.

Appeal from surrogate's court, Westchester county.

Accounting of Abraham B. Valentine, as trustee under the will of Abraham Valentine, deceased. George F. Valentine claimed the distributive share of John E. Valentine, one of the grandsons of testator, who survived the 16-year period referred to in the opinion, under an assignment by said John H. Valentine, made before the end of such period, of his share. John H. E. Valentine claimed said share as the only child of John H. Valentine. From the decree of the surrogate sustaining the claim of George F. Valentine, John H. E. Valentine appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thomas M. Wheeler*, for appellant. *Israel Miner, Jr.*, for respondent.

BARNARD, P. J. Abraham Valentine died leaving a will admitted to probate June 7, 1858. By the ninth clause of this will, which is very long, the testator devised certain real property to his executors to receive the rents and profits, and apply them as directed by this clause for the lives of two persons named therein, not exceeding 16 years, if these lives or either of them survived that period. The property was then, at the end of the 16 years, to be sold, and the proceeds divided. There was included in this property a house and lot in the city of New York. By the ninth clause in question a gift of a life-estate in this house was given to Jane Valentine so long as she remained the widow of testator's son Abraham Valentine. The direction at the end of the 16 years did not exempt this house and lot from sale, only providing that the devise to the executor was "subject to the right of the said Jane Valentine." Both of the lives survived the 16 years, and all the property was sold except the house and lot. The scheme required the sale of the remainder in this parcel, as well as of the rest of the property contained in that clause. John H. Valentine was one of the distributees of the moneys under this clause, and he survived the 16-year period. He therefore had a vested estate, with a right to immediate possession, when that period arrived, and this embraced the house and lot as well as the other property. By the tenth clause of the will the tes-

tator gave certain property therein described, one-half to Samuel M. Valentine and the other half to his executor, to be managed and rented by his executor, and the proceeds applied to the use of the same children of Abraham A. Valentine who were the distributees of a portion of the property in the ninth clause. The property in the tenth clause is subject to charges particularly specified therein. The executors were authorized to sell, and apply proceeds as directed, and "to divide and pay to the aforesaid children of the said Abraham A. Valentine, deceased, and the issue of such of them as may then be dead, leaving such issue or descendants then surviving, in the same proportion as I have hereinbefore directed my executors to pay to them, the moneys arising from the sale of the said stone house and lot in the ninth article of this, my will." John H. Valentine, one of the children of Abraham A. Valentine, died November, 1876. The life-estate expired in November, 1888. I think the words "then be dead" and "then surviving" refer to the end of the 16-year period, if not shortened by the death of both lives before that time. The testator evidently intended to dispose of all his property in the ninth and tenth clauses in the same way. The trust could not exceed 16 years, and at the end of that time the property was given absolutely to the persons then entitled. A postponement of the time of sale of the New York house until after one of the beneficiaries died would not deprive him of the estate, if such beneficiary survived to be entitled to take immediate distribution, if one was practicable. The assignment of John H. Valentine before the 16-year period had expired was good. He had either a vested interest, or would have if he survived until a specified event happened which caused the vesting of the estate. In either case he had an interest which was alienable to the same extent as if in possession. *Ham* v. *Van Orden*, 84 N. Y. 257. The absolute direction to convert the land into money operates as an equitable conversion. The recording acts did not, therefore, apply to the assignment from John H. Valentine and his successors in title. The decree should therefore be affirmed, with costs.